FILED

2010 OCT 14  AM 10:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., CDCR #J-73373,<br><br>            Plaintiff,<br><br>vs.<br><br>SMITH, et al.;<br><br>            Defendants. | Civil No.   10cv1187 BEN (RBB)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 4] |

Ruben Dario Garcia and Lenin Garcia ("Plaintiffs"), state prisoners currently incarcerated at Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, have submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiffs have also filed a "Motion for Restraining Order and Motion for Preliminary Injunction in Order to Stop Defendants from Subjecting Both Plaintiffs to a Retaliatory Transfer." [Doc. No. 4]

## I.
## Motion for TRO and Preliminary Injunction

**A.    Legal Standard**

In order to demonstrate the need for preliminary injunctive relief a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff

if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

**B.    Scope**

In determining the scope of injunctive relief that interferes with the affairs of a state agency, the court must ensure, out of federalism concerns, that the injunction "heel[s] close to the identified violation," *Gilmore v. California*, 220 F.3d 987, 1005 (9th Cir. 2000) (citation omitted), is not overly "intrusive and unworkable ... [and] would [not] require for its enforcement the continuous supervision by the federal court over the conduct of [state officers]." *O'Shea*, 414 U.S. at 500, 501; *see also Armstrong v. Davis*, 275 F.3d 849, 872 (9th Cir. 2001).

As the Ninth Circuit has noted, these concerns have been codified in the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA). *See Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001) (PLRA "has not substantially changed the threshold findings and standards required to justify an injunction."). The PLRA requires that prospective injunctive relief against a state prison system be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." *Id.* at § 3626(a)(1); *Armstrong*, 275 F.3d at 872.

Under the first test for a preliminary injunction, the moving party must demonstrate "high probability of success on the merits" of the case. *See Associated Gen. Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991). Here, the Court has already found that Plaintiffs have failed to state a claim upon which relief can be granted. *See* Aug. 9, 2010 Order at 8-9. Moreover, Plaintiffs are seeking an Order from this Court preventing the transfer to another prison. Plaintiffs do not have a constitutional right to be housed at a particular institution or to receive a particular security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 244-50 (1983); *Meachum*, 427 U.S. at 224; *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976). Thus, Plaintiffs cannot meet the threshold burden of a likelihood of

1 | success on the merits.

Accordingly, for all the above stated reasons, Plaintiffs' Motion for Temporary Restraining Order and Injunctive Relief is **DENIED**.

## II.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiffs' Motion for Restraining Order and Motion for Preliminary Injunction [Doc. No. 4] is **DENIED**.

**IT IS SO ORDERED.**

DATED: 10/14/2010

Hon. Roger T. Benitez
United States District Judge