UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., CDCR #J-73373,<br><br>                 Plaintiff,<br><br>vs.<br><br>SMITH; CHANCE; MOORE; STEWART; BROWN; VASQUEZ; S. WALL; ELIAS; SAVALA; MERCHANT; SUGLICH; E.A. CONTRERAS; BROWN; STRICKLAND; CLUCK;CORTEZ; MORRIS; PEDERSEN;  DOES 1-5,<br><br>                 Defendants. | Civil No.   10-1187 AJB (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER PURSUANT TO FED.R.CIV.P. 60**<br><br>**[ECF Nos. 20, 28]** |

        Currently before the Court is Plaintiff's "Motion Pursuant to Rule 60(a)" and "Notice and Request to the Court by the Plaintiff" [ECF Nos. 20, 28].  In these Motions, Plaintiff claims that the Court failed to address all the claims presented by Plaintiff in his Second Amended Complaint when the Court issued its Order on February 3, 2011 [ECF No. 17].  The Court notes that Plaintiff has filed a Notice of Appeal to the Ninth Circuit Court of Appeals of the Court's February 3, 2011 Order [ECF No. 22].  However, this Court need not refrain from proceeding with ruling on Plaintiff's pending motions as Plaintiff's Notice of Appeal is jurisdictionally invalid.  *See Nascimento v. Dummer*, 508 F.3d 905, 908-10 (9th Cir. 2007).

/ / /

# I.

# Procedural History

On June 10, 2010, and while incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) & § 1915A(b). *See* Aug. 9, 2010 Order at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff then filed his First Amended Complaint which was also dismissed by the Court pursuant to 28 U.S.C. § 1915(e)(2)(b) & § 1915A(b). *See* Nov. 8, 2010 Order at 6. On December 7, 2010, Plaintiff filed his Second Amended Complaint ("SAC"). The Court, once again, conducted the required sua sponte screening, dismissed some of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(b) & § 1915A(b) and directed the U.S. Marshal to effect service of Second Amended Complaint on the remaining claims on the Defendants. *See* Feb. 3, 2011 Order at 7-8.

On February 22, 2011, Plaintiff filed his Motion for Reconsideration pursuant to Fed.R.Civ.P. 60 [ECF No. 20]. Plaintiff subsequently filed his "Notice of Request to the Court by Plaintiff" [ECF No. 28].

# II.

# Plaintiff's Motion

### A.    Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

### B.    Plaintiff's Arguments

Plaintiff claims that the Court erred when it failed to mention one of his claims in his Second Amended Complaint in the Court's February 3, 2011 Order. Specifically, Plaintiff

claims that the Court failed to address his claims in "Count 5" in which he claims he alleges that "Defendants violated Plaintiff's First Amendment rights 'to be able to file grievances with the Government/Department and have such properly heard.'" (Pl.'s Mot. for Reconsid. at 1.)

Plaintiff is incorrect. The Court did address this claim in the February 3, 2011 Order. Plaintiff's "Count 5" found in his Second Amended Complaint is entitled "Defendants violated Plaintiff 1st Amendment Right to be able to file Grievances with the Department, and have such properly heard, denying the Plaintiff meaningful access to the Court to Petition the Court for the redress of grievances." (SAC at 21.) In the Court's Order dated February 3, 2011 Order, the Court clearly addressed Plaintiff's access to courts claim found in "Count 5." (*See* Feb. 3, 2011 Order at 5-7.) The Court found that Plaintiff had failed to adequately state a claim based on the facts alleged in "Count 5" and thus, dismissed these claims pursuant to 28 U.S.C. § 1915(e)(2)(b) & § 1915A(b). (*Id.* at 7.)

In sum, a motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Thus, without more, the Court finds Plaintiff has failed to show that the Court rendered a "manifestly unjust decision," and has further failed to identify any intervening changes in controlling law which justify reconsideration of the Court's Order. *McDowell*, 197 F.3d at 1255; *School Dist. No. 1J*, 5 F.3d at 1263.

### III.

### Conclusion and Order

Accordingly, Plaintiff's Motions brought pursuant to FED.R.CIV.P. 60 [ECF Nos. 20, 28] are hereby DENIED.

**IT IS SO ORDERED.**

DATED: March 21, 2011

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court