1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | Civil No. 10-cv-01187 AJB (RBB) |
| Plaintiff, | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING MOTION TO AMEND CIVIL COMPLAINT, AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| BROWN, CHANCE, CLUCK, CONTRERAS, CORTEZ, ELIAS, MERCHANT, MOORE, MORRIS, PEDERSEN, SAVALA, SMITH, STEWART, STRICKLAND, SUGLICH, VASQUEZ, WALL, HIRING AUTHORITY JOHN/JANE DOE'S #1 TO 5. | [Doc. Nos. 50, 59, 64] |
| Defendants. | |

20      On June 1, 2010, Ruben Dario Garcia, Jr. ("Plaintiff"), a California prisoner proceeding pro se,

21  filed a Complaint, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  U.S. District Court Judge Roger T.

22  Benitez issued an Order granting Plaintiff's Motion to Proceed In Forma Pauperis and dismissing the

23  entire Complaint for failing to state a claim. (Doc. No. 5.)  Plaintiff filed a First Amended Complaint on

24  October 5, 2010, which was also dismissed sua sponte for failing to state a claim. (Doc. Nos. 9, 15.)  On

25  December 7, 2010, Plaintiff filed a Second Amended Complaint ("SAC") against seventeen named

26  prison officials alleging that Defendants retaliated and conspired against him because he exercised his

27  First Amendment right to petition the government through prison grievance procedures.  *See generally*

28

1                                                    10-cv-1187

SAC, 7-10, Doc. No. 16.[1]  Plaintiff argues that Defendants violated his Fourteenth Amendment right to equal protection and procedural due process, his Eighth Amendment right to be free from cruel and unusual punishment, and his First Amendment right to access the courts.  *See generally id* at 17-21.

On February 3, 2011, Judge Benitez sua sponte dismissed Plaintiff's due process, cruel and unusual punishment, and access to courts causes of action for failing to state a claim. (Doc. No. 17.)  He directed service of the SAC on Defendants for Plaintiff's remaining claims of retaliation, conspiracy, and equal protection.  (Order 7-8, Feb. 3, 2011, Doc. No. 17.)  Plaintiff then filed a motion for relief from the Court's Order and a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit, challenging the February 3, 2011 Order. (Doc. Nos. 18-20, 22.)  While the Ninth Circuit appeal was pending, the case was transferred to this Court (Doc. No. 26), and Plaintiff filed another motion contesting Judge Benitez's February 3, 2011 Order dismissing certain claims (Doc. No. 28).  The Court subsequently denied both of Garcia's motions challenging that Order. (Doc. No. 29.)[2]

Defendants filed a Motion to Dismiss on April 26, 2011. (Doc. No. 50.) On June 8, 2011, Plaintiff filed his Motion to Amend the SAC. (Doc. No. 59.)

These matters were referred to Magistrate Judge Ruben B. Brooks for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636.  Upon reviewing the SAC, Plaintiff's Motion to Amend, Defendants' Motion to Dismiss, Plaintiff's Opposition, Defendants' Reply, and Plaintiff's Surreply, Magistrate Judge Brooks issued his R&R. (Doc. No. 64.) The R&R recommends that Plaintiff's Motion to Amend be denied and that Defendants' Motion to Dismiss be granted in part and denied in part.  *Id.*

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of the R&R to which specific written objection is

---

[1]  Because the Second Amended Complaint, Opposition, and Surreply are not consecutively paginated, the Court cites to them using page numbers assigned by the electronic case filing system.

[2] The Court ruled on Garcia's motions because Plaintiff's Ninth Circuit appeal was jurisdictionally defective.  (Order Den. Pl.'s Mot. Vacate Order 1, Doc. No. 29.)  The Ninth Circuit later dismissed the appeal for lack of jurisdiction. (Doc. No. 49.)

1   made.  *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).  "The statute

2   makes it clear that the district judge must review the magistrate judge's findings and recommendations

3   de novo if objection is made, but not otherwise."  *Id.*

4           On January 6, 2012, Plaintiff timely filed his objections to the R&R. (Doc. No. 66.)  Plaintiff

5   objects to Magistrate Judge Brooks' recommendation that his Motion to Amend be denied.  *Id.* He also

6   objects to the recommendation that Defendants Morris, Pederson, and Strickland's Motion to Dismiss

7   for failure to state a claim be granted. *Id.* Defendants filed a timely reply to Plaintiff's objections on

8   January 20, 2012, concurring with Magistrate Judge Brooks' findings in the R&R. (Doc. No. 70.)  The

9   Court has considered both documents before issuing this Order.

10  **I.      PLAINTIFF'S MOTION TO AMEND THE SECOND AMENDED COMPLAINT**

11          Plaintiff objects to the denial of his Motion to Amend the SAC.  He requests leave to amend his

12  Complaint to include Defendants Morris and Pedersen and asserts that he is being penalized for

13  grammatical errors. (Doc. No. 66.)  The Court recognizes that when a plaintiff appears pro se, the Court

14  must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v.*

15  *L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  However, the issue of leave to amend has already

16  been decided adversely to Plaintiff on two occasions.  Furthermore, the "facts" Plaintiff claims he can

17  recite in support of his claims against Morris and Pederson are not facts but rather unsupported

18  conclusions.  Because Plaintiff's due process, cruel and unusual punishment, and access to courts causes

19  of action were dismissed without leave to amend, Plaintiff's objection is overruled, and the R&R is

20  adopted on this issue.

21  **II.     DEFENDANTS' MOTION TO DISMISS**

22          Plaintiff objects to Magistrate Judge Brooks' recommendation granting Defendants Morris,

23  Pedersen, and Strickland's Motion to Dismiss for failure to state a claim.  (Doc. No. 66.)

24  **A.     Warden Morris and Correctional Counselor II Pedersen**

25          Plaintiff objects to Magistrate Judge Brooks' recommendation that Defendants Morris and

26  Pederson's Motion to Dismiss for failure to state a claim should be granted without permitting Plaintiff

27  leave to amend his SAC. (Doc. No. 66.)  In his objection, Plaintiff recapitulates generalized allegations

28  that Morris and Pederson prevented him from access to the courts.  *Id.*  The fact remains, however, that

Judge Benitez previously dismissed Plaintiff's access to the courts claim without leave to amend on February 3, 2011 (Doc. No. 17), and this Court affirmed the dismissal on March 21, 2011 (Doc. No. 21). Plaintiff's access to the courts claim is the only claim alleged against Defendants Morris and Pederson. Therefore, it is proper to dismiss Defendants Morris and Pederson entirely.  Plaintiff's objection is overruled, and the R&R is adopted on this issue.

### B.   Sergeant Strickland

Plaintiff objects to Magistrate Judge Brooks' finding that Defendant Strickland's Motion to Dismiss Plaintiff's retaliation and conspiracy claims should be granted.

Regarding the retaliation claim, Plaintiff's objection relies on generalized conclusions in asserting that Defendant Strickland participated in the decision to deny Plaintiff's cell move request in retaliation for the grievances that Plaintiff previously filed.  (Doc. No. 66.)  Beyond conclusory allegations, Plaintiff fails to provide facts sufficient to suggest that Strickland took action that was "clearly adverse," as required to state a retaliation claim.  *See Garland v. Skribner*, 2008 U.S. Dist. LEXIS 78835, at *11-12 (E.D. Cal. Oct. 2, 2008) (citing examples of action that is clearly adverse to the plaintiff).  Therefore, Plaintiff's objection is without merit.  Furthermore, denial of further leave to amend is proper because Plaintiff has already had two opportunities to state a retaliation claim against Defendant Strickland.  *See Sitanggang v. Countrywide Home Loans, Inc.*, 419 F. App'x 756, 757 (9th Cir. 2011).

Regarding the conspiracy claim, Plaintiff's objection restates allegations that Defendant Strickland "organized himself with other defendants" and thereby participated in the decision to deny Plaintiff's cell move request so as to punish Plaintiff.  (Doc. No. 66.)  To support his objection, Plaintiff relies on the "reasons stated in [Plaintiff's] SAC[.]"  *Id.*  However, Plaintiff still fails to allege that Defendant Strickland committed an overt act in furtherance of a conspiracy to retaliate.  *See Gilbrook v. City of Westminster,* 177 F. 3d 839, 856 (9th Cir. 1999).  Again, Plaintiff's objection is without merit, since he has failed to state a claim.  Likewise, denial of further leave to amend is proper because Plaintiff has already had three opportunities to state a conspiracy claim against Defendant Strickland. *See Sitanggang*, 419 F. App'x at 757.

**III.     CONCLUSION**

For the reasons set forth above, the Court finds Plaintiff's objections to be without merit. After reviewing Magistrate Judge Brooks' R&R in its entirety, the Court concludes that it is thorough, well reasoned, and without error.  Accordingly, the Court finds the R&R to be correct and **ADOPTS** it in full.  Plaintiff's request to amend his civil complaint is **DENIED**, and Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

DATED:  March 14, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

10-cv-1187