UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | Civil No. 10cv1187 AJB(RBB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| v. | **MOTION FOR APPOINTMENT OF** |
| | **COUNSEL [ECF NO. 82]** |
| SMITH, STEWART, CHANCE, MOORE, CLUCK, VASQUEZ, WALL, BROWN, STRICKLAND, ELIAS, SAVALA, MERCHANT, SUGLICH, CONTRERAS, MORRIS, CORTEZ, PEDERSEN, HIRING AUTHORITY JOHN/JANE DOE'S #1 TO 5, | |
| Defendants. | |

        Plaintiff Ruben Dario Garcia, Jr., a state prisoner proceeding
pro se and in forma pauperis, filed a Complaint on June 1, 2010,
pursuant to 42 U.S.C. § 1983 [ECF No. 1, 5].  Garcia's complaint
was dismissed for failure to state a claim [ECF No. 5].  Plaintiff
filed a First Amended Complaint on October 5, 2010, which was also
dismissed sua sponte for failing to state a claim [ECF Nos. 9, 15].
        Garcia filed a Second Amended Complaint on December 7, 2010,
alleging claims for cruel and unusual punishment, a due process
violation, retaliation, conspiracy, a violation of equal

1  protection, and interference with his access to the courts [ECF No.
2  16].  On February 3, 2011, the due process, cruel and unusual
3  punishment, and access to courts causes of action were dismissed
4  for failing to state a claim [ECF No. 17].  The Defendants filed a
5  Motion to Dismiss the Second Amended Complaint [ECF No. 50], which
6  was granted in part and denied in part [ECF Nos. 64, 72].
7  Defendants Brown, Chance, Cluck, Contreras, Cortez, Elias,
8  Merchant, Moore, Savala, Smith, Stewart, Vasquez, and Wall
9  subsequently filed an Answer [ECF No. 74].

10      Garcia filed this Motion to Appoint Counsel nunc pro tunc to
11  April 17, 2012 [ECF No. 82].  In support of his request for
12  counsel, the Plaintiff asserts that (1) the issues in this case are
13  factually complex, (2) he is unable to investigate, (3) the matter
14  involves conflicting testimony and credibility will be central to
15  his case, (4) Garcia is unable to adequately present his claims,
16  (5) his causes of action have merit, and (6) the issues are legally
17  complex.  (Mot. Appointment Counsel 5-12, ECF No. 82.)[1]  On May 2,
18  2012, the Defendants' Memorandum of Points and Authorities in
19  Opposition to Plaintiff's Motion for the Appointment of Counsel was
20  filed [ECF No. 83].  There, Defendants argue that none of
21  Plaintiff's stated reasons are "exceptional circumstances" that
22  warrant appointed representation.  (Defs.'s Mem. P. & A. Opp'n 2-5,
23  ECF No. 83.)

24      "The court may request an attorney to represent any person
25  unable to afford counsel."  28 U.S.C.A. § 1915(e)(1) (West 2006).

26  _____

27      [1]  Because the Motion for Appointment of Counsel and
28  attachments are not consecutively paginated, the Court will cite to
    them using the page numbers assigned by the electronic case filing
    system.

1   But "it is well-established that there is generally no

2   constitutional right to counsel in civil cases." United States v.

3   Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citations omitted).

4   There is also no constitutional right to appointed counsel to

5   pursue a § 1983 claim. Rand v. Rowland, 113 F.3d 1520, 1525 (9th

6   Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th

7   Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir.

8   1998).  Federal courts do not have the authority "to make coercive

9   appointments of counsel." Mallard v. U.S. Dist. Court, 490 U.S.

10  296, 310 (1989) (discussing § 1915(d)); see also United States v.

11  $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

12      Nevertheless, district courts have discretion, pursuant to 28

13  U.S.C. § 1915(e)(1), to request attorney representation for

14  indigent civil litigants upon a showing of exceptional

15  circumstances. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101,

16  1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221,

17  1236 (9th Cir. 1984)).  "A finding of the exceptional circumstances

18  of the plaintiff seeking assistance requires at least an evaluation

19  of the likelihood of the plaintiff's success on the merits and an

20  evaluation of the plaintiff's ability to articulate his claims 'in

21  light of the complexity of the legal issues involved.'" Id.

22  (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

23  1986)).  "'Neither of these factors is dispositive and both must be

24  viewed together before reaching a decision.'" Terrell v. Brewer,

25  935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at

26  1331).

27

28

**A.** **Likelihood of Plaintiff's Success on the Merits**

To receive court-appointed counsel, Garcia must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331. The contentions in Garcia's Second Amended Complaint arise from events that occurred while he was incarcerated at Richard J. Donovan Correctional Facility in San Diego, California ("Donovan"). (Second Am. Compl. 1, ECF No. 16.)[2] The Plaintiff's surviving claims are for retaliation, conspiracy, and a violation of equal protection.

In count one, Garcia asserts that the Defendants retaliated and conspired to retaliate against him for submitting an inmate grievance. (Second Am. Compl. 8-15, ECF No. 16.) The grievance was based on a policy that required all inmates to walk single file with their shirts tucked in when they went to "chow hall." (Id. at 8.) Plaintiff urges that the Defendants retaliated by placing him in administrative segregation and, without looking at his central file, housing him with inmates that he was to be segregated from. (Id. at 11-13.)

Next, in count two, Garcia contends that the Defendants continued to retaliate and conspire against him when they refused his request under the "convenient cell move program" to be housed with his brother. (Id. at 17.) The Defendants purportedly granted four other sets of brothers' requests during this period, but denied his request. (Id. at 18.)

The Plaintiff maintains in count three that Defendants violated his equal protection rights by denying his request to be

---

[2] The Court will also cite to the Second Amended Complaint using the page numbers assigned by the electronic case filing system.

4

10cv1187 AJB(RBB)

1  reassigned to his job in the prison laundry division after he was
2  released from administrative segregation. (<u>Id.</u> at 19.)  The
3  Defendants continued to deny his requests even though there were at
4  least thirty openings in the laundry division since Garcia's
5  release from administrative segregation. (<u>Id.</u>)

6      Finally, in count four, Plaintiff makes generalized
7  allegations of a conspiracy to violate his civil rights,
8  reiterating the constitutional violations he specified in counts
9  one, two, and three. (<u>Id.</u> at 20.)

10      To state a conspiracy claim under § 1983, a plaintiff must
11  show (1) an agreement between the defendants to deprive plaintiff
12  of a constitutional right, (2) an overt act in furtherance of the
13  conspiracy, and (3) a constitutional deprivation. <u>Garcia v. Grimm</u>,
14  No. 1:06-cv-225-WQH (PCL), 2011 U.S. Dist. LEXIS 20522, at *24
15  (S.D. Cal. Mar. 2, 2011); <u>see also</u> <u>Gilbrook v. City of Westminster</u>,
16  177 F.3d 839, 856-57 (9th Cir. 1999).  Because conspiracies are
17  secret agreements, "[a] defendant's knowledge of and participation
18  in a conspiracy may be inferred from circumstantial evidence and
19  from evidence of the defendant's actions." <u>Gilbrook</u>, 177 F.3d at
20  856-57.  Conclusory allegations of conspiracy are insufficient to
21  state a claim for relief. <u>Burns v. County of King</u>, 883 F.2d 819,
22  821 (9th Cir. 1989).  To plead a claim of conspiracy under § 1983,
23  plaintiff must allege facts with sufficient particularity to show
24  an agreement or a meeting of the minds to violate the plaintiff's
25  constitutional rights. <u>Miller v. California</u>, 355 F.3d 1172, 1177
26  n.3 (9th Cir. 2004); <u>Margolis v. Ryan</u>, 140 F.3d at 853; <u>Woodrum v.</u>
27  <u>Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989).
28

10cv1187 AJB(RBB)

Government officials may not retaliate against prisoners who exercise their First Amendment rights. Vignolo v. Miller, 120 F.3d 1075, 1077-78 (9th Cir. 1997); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Inmates have a First Amendment right to meaningful access to the courts that includes the right to use established prison grievance procedures. Trueman v. State, No. CV 09-2179-PHX-RCB(DKD), 2010 U.S. Dist. LEXIS 67847, at *12 (D. Ariz. June 15, 2010) (citing Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)). Prisoner retaliation allegations are reviewed with particular care. Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).

Finally, "whenever the government treats any person unequally because of his or her [membership in a protected class], that person has suffered an injury that falls squarely within the language and spirit of the Constitution's guarantee of equal protection." Adherent Constructors, Inc. v. Pena, 515 U.S. 200, 229-30 (1995). The equal protection guarantee safeguards not only groups of people, but also individuals who would constitute a "class of one." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

A plaintiff can establish an equal protection cause of action by demonstrating that the defendant intentionally discriminated on the basis of plaintiff's membership in a protected class, such as race, religion, national origin, and poverty. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998); Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986); see United States v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011) (stating that prisoners do not constitute a suspect class for equal

protection purposes).  Alternatively, if the state action does not implicate a fundamental right or a suspect classification, a plaintiff can make an equal protection claim by establishing that the defendant intentionally treated plaintiff differently from other similarly situated individuals without a rational basis for the difference in treatment.  <u>Enquist v. Or. Dep't of Agric.</u>, 553 U.S. 591, 601 (2008); <u>Olech</u>, 528 U.S. at 564.

In his Motion for Appointment of Counsel, Garcia argues that he is entitled to an attorney because if he can prove his allegations, it would establish clear constitutional violations. (Mot. Appointment Counsel 12, ECF No. 82.)  Plaintiff urges that, on its face, his case is meritorious.  (<u>Id.</u>)  In their Opposition, Defendants insist that Garcia has failed to present any arguments or evidence demonstrating that he will prevail on the merits. (Defs.' Mem. P. & A. Opp'n  3, ECF No. 83.)  They argue that Plaintiff has merely demonstrated the sufficiency of the pleadings. (<u>Id.</u>)

Although Garcia's retaliation, conspiracy, and equal protection claims survived Defendant's Motion to Dismiss, it is too early to determine the likelihood of success on the merits. Without more, it is not certain whether any of Plaintiff's causes of action will survive summary judgment.  <u>See</u> <u>Harris v. Duc</u>, No. S CIV 06-2138 DOC, 2009 U.S. Dist. LEXIS 68786, at *10 (E.D. Cal. July 21, 2009); <u>see also</u> <u>Bailey v. Lawford</u>, 835 F. Supp. 550, 552 (S.D. Cal. 1993).  This factor does not support Garcia's request for an appointed lawyer.

**B.    <u>Plaintiff's Ability to Proceed Without Counsel</u>**

The Court must also consider whether Plaintiff is able to effectively litigate the case pro se in light of the complexity of the issues involved.  <u>See</u> <u>Wilborn</u>, 789 F.2d at 1331.

Courts generally require, as a threshold matter, that Plaintiff show that (1) he is indigent, and (2) that he "has made a reasonably diligent effort to secure counsel." <u>Bailey v. Lawford</u>, 835 F. Supp. 550, 552 (S.D. Cal. 1993); <u>see</u> <u>Cota v. Scribner</u>, No. 09cv2507-AJB (BLM), 2012 U.S. Dist. LEXIS 20460, at *2-3 (S.D. Cal. Feb. 16, 2012).  Here, Garcia has claimed that he is indigent. (Mot. Appointment Counsel 1, ECF No. 82.)  Yet, Defendants urge that he has failed to allege that he has made a diligent effort to secure counsel. (Defs.' Mem. P. & A. Opp'n 5, ECF No. 83.)  Garcia does not show that he made any attempt to obtain a lawyer.  Merely alleging indigence is insufficient to entitle him to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel prior to filing this Motion.  <u>See</u> <u>Bailey</u>, 835 F. Supp. at 552.

Plaintiff insists that this case is factually complex because of the "sheer number of claims and defendants" involved. (Mot. Appointment Counsel 6, ECF No. 82.)  Defendants counter that Garcia is more than capable of setting forth the factual basis for his claims. (Defs.' Mem. P. & A. Opp'n 3, ECF No. 83.)  Plaintiff has demonstrated, in his Second Amended Complaint, that he can adequately articulate the facts to support his causes of actions. <u>See</u> <u>Pough v. Almager</u>, No. 08cv1498 JM(RBB), 2010 U.S. Dist. LEXIS 51782, at *1-3 (S.D. Cal. May 26, 2010) (finding no exceptional circumstance due to factual complexity because plaintiff was able

1  to "adequately set forth a factual basis for his claims."); <u>Shields</u>

2  <u>v. Davis</u>, No. C 07-0157 RMW (PR), 2008 U.S. Dist. LEXIS 90687, at

3  *2-3 (N.D. Cal. Oct. 27, 2008) (denying motion for appointment of

4  counsel because the case was not particularly complex).

5      Garcia also proffers that he is unable to investigate the

6  matter pro se. (Mot. Appointment Counsel 6, ECF No. 82.)

7  Specifically, he claims that he needs to obtain the identity of

8  witnesses, the officers' reports and statements, and the officers'

9  histories of abuse of authority. (<u>Id.</u> (citing <u>Tucker v. Dickey</u>,

10  613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985)).) The Defendants

11  counter that every case requires discovery, and the Ninth Circuit

12  has recognized that this is not a ground entitling an inmate to

13  appointed counsel. (Defs.' Mem. P. & A. Opp'n 4, ECF No. 83.)

14  Indeed, most lawsuits require the development of facts over the

15  course of the litigation, and pro se plaintiff's are typically not

16  in the position to easily investigate the facts. <u>See</u> <u>Davidson v.</u>

17  <u>Vail</u>, No. C11-6048 BHS/KLS, 2012 U.S. Dist. LEXIS 82003, at *2-4

18  (W.D. Wash. June 13, 2012) (citing <u>Wilborn</u>, 789 F.2d at 1331).

19  Although the investigation may be difficult, it does not rise to

20  the level of an "exceptional circumstance" that would entitle

21  Garcia to appointed counsel.

22      Plaintiff next asserts that he is entitled to appointed

23  counsel because conflicting testimony in this case creates a

24  credibility contest between the Defendants and himself. (Mot.

25  Appointment Counsel 6, ECF No. 82 (citing <u>Gatson v. Coughlin</u>, 679

26  F. Supp. 270 (W.D.N.Y. 1988).) Defendants urge that Garcia has

27  been able articulate his claims with a high level of verbal and

28  legal proficiency. (Defs.' Mem. P. & A. Opp'n 3, ECF No. 83.)

1   Nevertheless, conflicting testimony and factual disputes are not

2   "exceptional circumstances" that entitle a plaintiff to appointed

3   counsel.  See Rand, 113 F.3d at 1525 (holding that while appellant

4   might have fared better with counsel during discovery and in

5   securing expert testimony, this is not the test).

6        Plaintiff insists that is unable to adequately present his

7   case because he has no legal education and was barely able to earn

8   his "General Equivalent Degree (GED) Certificate" at the age of

9   thirty-nine.  (Mot. Appointment Counsel 7, ECF No. 82.)  Further,

10  he has no legal education and must therefore depend on the

11  assistance of "jailhouse lawyers" who are limited in their

12  abilities to help Garcia.  (Id.)  As a result, more than fifteen

13  notices of document discrepancies have been issued by the Court,

14  which could have caused the dismissal of his case.  (Id.)

15  Additionally, Plaintiff contends that he suffers from a mental

16  illness and is taking "multiple powerful antipsychotic medications

17  3 times a day" that obstruct his ability to concentrate, read, and

18  understand.  (Id.)

19       Despite Garcia's claimed legal shortcomings, he has not shown

20  that his burden will be greater than those that are typically

21  experienced by incarcerated pro se plaintiffs.  Additionally,

22  Plaintiff has demonstrated that he is capable of navigating the

23  legal process.  His Second Amended Complaint is adequate in form,

24  and Garcia presented a detailed recitation of the underlying facts

25  against multiple defendants.  (See Second Am. Compl. 7-23, ECF No.

26  16.)  Additionally, Plaintiff evidenced his legal understanding

27  when he cited relevant legal authority to support his claims.  (See

28  id. at 20, 23.)  Garcia further supported his claims with over 200

10

pages of exhibits.  (See id. citing Attachs. #1-5 Exs. 1-25.)
Plaintiff also was able to file a Motion for Reconsideration [ECF
No. 20], appeals to the Ninth Circuit [ECF Nos. 22, 49, 76], an
Opposition to Defendants' Motion to Dismiss [ECF No. 58], a
Surreply [ECF No. 63], and this Motion for Appointment of Counsel
[ECF No. 82].

     Plaintiff has not demonstrated that he is unable to proceed as
a pro se litigant.  See Harris, 2009 U.S. Dist. LEXIS 68786, at
*11-13 (finding no exceptional circumstances, in part, because
plaintiff was able to submit adequate documentation and motion
work); see also Agyeman, 390 F.3d at 1103 (reviewing for abuse of
discretion and explaining that a finding of exceptional
circumstances justifying appointment of counsel requires an
evaluation of plaintiff's ability to articulate his claims);
Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (finding the
district court did not abuse its discretion in denying plaintiff
counsel, in part because plaintiff adequately filed a complaint and
other pretrial materials).  Garcia also has not demonstrated how
his mental state impairs his ability to proceed pro se.  Again,
based on the filings to date, Plaintiff appears to be able to
adequately present his claims.  See Jones v. Frazesn, No. 2:07-cv-
02769 RCT, 2009 U.S. Dist. LEXIS 49639 at *2-3 (E.D. Cal. June 1,
2009) (finding no exceptional circumstance when plaintiff claimed
his pain medication impaired his ability to read and write).

     Finally, Garcia contends that the issues in his case are
legally and factually complex.  (Mot. Appointment Counsel 8-12, ECF
No. 82.)  He maintains that the court dismissed one of his claims
without properly following the law.  (Id. at 8.)  In their

1  Opposition, Defendants assert that the issues are not complicated,

2  and will likely hinge on whether their actions were justified.

3  (Defs.' Mem. P. & A. Opp'n 4, ECF No. 83.)  The Plaintiff is only

4  entitled to appointed counsel if he can show "that because of the

5  complexity of the claims he [is] unable to articulate his

6  positions."  Rand, 113 F.3d at 1525 ("[A]ny pro se litigant

7  certainly would be better served with the assistance of counsel.").

8  Garcia has not demonstrated that his case is "exceptional" or that

9  the issues are particularly complex.  He also has been able to

10 sufficiently articulate his positions to survive a motion to

11 dismiss the claims.

12      Therefore, Plaintiff has not sufficiently established

13 exceptional circumstances that would entitle him to appointed

14 counsel at this stage.  See Agyeman, 390 F.3d at 1103.  Garcia's

15 Motion for Appointment of Counsel is **DENIED**.

16      **IT IS SO ORDERED.**

17

18 DATE: June 27, 2012

19                                     RUBEN B. BROOKS
                                       United States Magistrate Judge

20 cc:  Judge Battaglia
        All Parties of Record

21

22

23

24

25

26

27

28