UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN DARIO GARCIA JR. | ) | Case No. 10cv1187 AJB (RBB) |
| Plaintiff, | ) | ORDER: |
| v. | ) | (1) DENYING DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT, (Doc. No. 128); AND |
| SMITH, et al., | ) | (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, (Doc. No. 120). |
| Defendants. | ) | |

Presently before the Court is Defendants Brown, Cluck, Contreras, Cortez, and Suglich's motion for entry of judgment pursuant to Rule 54(b), (Doc. No. 128), and Plaintiff Ruben Dario Garcia, Jr.'s ("Plaintiff") motion for appointment of counsel pursuant to 28 U.S.C. § 1915, (Doc. No. 120).[1] On November 6, 2013, the Court ordered supplemental briefing on Defendants' motion for entry of judgment.[2] (Doc. No. 132.) Defendants filed their supplemental brief on November 19, 2013, (Doc. No. 134), and Plaintiff filed his response on December 18, 2013, (Doc. No. 136). Defendants filed an opposition to Plaintiff's motion for appointment of counsel on October 1, 2013. (Doc.

---

[1] Defendants' motion does not request entry of judgment as to Defendants Smith, Stewart, Chance, Moore, Vasquez, and Wall. (Doc. No. 128 at 4:14-15.)

[2] The Court 's order requesting supplemental briefing instructed the parties to address the following topics: (1) the causes of action alleged against each Defendant in the operative Second Amended Complaint; (2) the basis for each cause of action; (3) the claims included in Defendants' December 20, 2012 motion for summary judgment and the Court's finding as to each claim; and (4) any remaining claims alleged against each Defendant. (Doc. No. 132 at 2.)

No. 126.)  For the reasons set forth below, the Court DENIES Defendants' motion for entry of Judgement, (Doc. No. 128), and DENIES Plaintiff's motion for appointment of counsel, (Doc. No. 120).[3]

## BACKGROUND

The factual background of this case has been adequately set forth in the Court's August 21, 2013 summary judgment order, and is therefore not repeated here.  (Doc. No. 120.)  On June 1, 2010, Plaintiff and his brother Lenin Garcia ("Lenin") filed a pro se civil action pursuant to 42 U.S.C. § 1983, alleging various constitutional violations against seventeen defendants employed at the Richard J. Donovan Correctional Facility ("RJD") where Plaintiff is currently incarcerated.  (Doc. No. 1.)  Plaintiff also filed a motion to proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (Doc. No. 2.)  On August 9, 2010, the Court issued an order granting Plaintiff's motion to proceed IFP, dismissing Lenin from the complaint, and *sua sponte* dismissing the entire complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(b) and 1915(b).[4] (Doc. No. 5.)  Plaintiff filed his First Amended Complaint "(FAC") on October 5, 2010, (Doc. No. 9), and on November 8, 2010, the Court once again *sua sponte* dismissed the FAC for failure to state a claim, (Doc. No. 15).

Plaintiff filed the operative Second Amended Complaint ("SAC") on December 7, 2010.  (Doc. No. 16.)  On February 3, 2011, the Court *sua sponte* dismissed Plaintiff's access to the courts, Eighth Amendment, and Fourteenth Amendment due process claims without leave to amend, and allowed Plaintiff's retaliation, conspiracy, and equal protection claims to proceed.  (Doc. No. 17 at 6:4-13.)  On February 22, 2011, Plaintiff filed a motion for reconsideration, (Doc. No. 20), and on March 16, 2011, Plaintiff filed a motion requesting the Court to correct a prior judicial oversight, (Doc. No. 28).  Both

---

[3] This motion is suitable for disposition without oral argument pursuant to Civil Local Rule 7.1.d.1.  Accordingly, the motion hearing set for January 30, 2014 is hereby vacated.

[4] Judge Roger T. Benitz was the presiding District Judge at this time.  The action was transferred to the undersigned on March 14, 2011.  (Doc. No. 26.)

10cv1187 AJB (RBB)

motions sought reconsideration of the Court's February 3, 2011 order.  On March 21, 2011, the Court denied both motions.  (Doc. No. 29 at 3: 4-20.)

On April 26, 2011, Defendants moved to dismiss the claims alleged against Defendants Cluck, Elias, Morris, Pedersen, and Strickland, and the equal protection claims alleged against all Defendants.  (Doc. No. 50 at 1:21-22.)  On June 8, 2011, Plaintiff filed a response to Defendants' motion to dismiss and a corresponding request for leave to amend the SAC.  (Doc. Nos. 58, 59.)  On December 13, 2011, Magistrate Judge Ruben B. Brooks issued a report and recommendation ("R&R) on Defendants' motion to dismiss.  (Doc. No. 64.)  The R&R recommended that the Court: (1) grant Morris, Pedersen, and Strickland's motion to dismiss; (2) deny Defendants' motion to dismiss the equal protection claims (with the exception of Defendants Morris, Pedersen, and Strickland); and (4) deny Plaintiff's motion to amend the SAC.  (*Id*. at 35: 4-16.)  On March 14, 2012, the Court adopted the R&R, thereby disposing of all claims alleged against Defendants Morris, Pederson, and Strickland.  (*Id*. at 33:3-13).  On March 28, 2013, Defendants filed an answer to the SAC.  (Doc. No. 74.)

On December 20, 2012, the remaining Defendants moved for summary judgment, (Doc. No. 95), and on August 21, 2013, the Court issued an order granting in part and denying in part Defendants' motion, (Doc. No. 113).  The Court granted Defendants' motion regrading Plaintiff's equal protection and conspiracy claims, granted in part and denied in part Defendants' motion regarding Plaintiff's retaliation claims, denied Defendants' motion with regard to qualified immunity, and entered judgment as to Defendants Pedersen, Strickland, Morris, Elias, Savala, and Merchant.  (*Id*. at 21:19-22:5.)

## DISCUSSION

### I.   Defendants' Motion for Entry of Judgement

Defendants Brown, Cluck, Contreras, Cortez, and Suglich request entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) on the basis that there are no

pending claims alleged against them.[5]  Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009).  Therefore, because it is undisputed that the present action involves multiple claims for relief against multiple Defendants, and the Court has determined that there are no pending claims against Defendants Brown, Cluck, Contreras, Cortez, and Suglich following the Court's August 21, 2013 summary judgement order, the Court must only consider whether there is "no just reason" to delay entry of judgement as to the above identified Defendants.[6]

In determining whether there is no just reason to delay entry of judgment under Rule 54(b), a district court must look beyond whether a final judgment on an individual claim has been issued, and consider whether the "individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) ("Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests is necessary to assure that application of [Rule 54(b)] effectively preserves the historic federal policy against piecemeal appeals.").  In making this determination, the role of the district court is "to act as the dispatcher," thereby determining the "appropriate time when each final decision in a multiple claims action is

---

[5] Defendants also request entry of judgment pursuant to Rule 58(d), which states that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."

[6] Plaintiff's response to Defendants' supplemental brief, which was ordered by the Court so Plaintiff could discuss whether there are still claims pending alleged against Defendants Brown, Cluck, Contreras, Cortez, and Suglich, is better characterized as a motion for reconsideration of the Court's August 21, 2013 summary judgment order.  As a result, the Court finds Plaintiff has not presented a plausible argument that claims are still pending against Defendants Brown, Cluck, Contreras, Cortez, and Suglich following the August 21, 2013 summary judgment order, and any reconsideration of these previously dismissed claims is denied.  (Doc. No. 132 at 2:15-28.)

ready for appeal." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 437 (1956)). As a result, entry of judgment under Rule 54(b) is not routinely granted, and is "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Here, although Defendants Brown, Cluck, Contreras, Cortez, and Suglich are correct, that there are no pending claims alleged against them following the August 21, 2013 summary judgment order, entry of final judgment under Rule 54(b) is improper because of the interrelationship between the dismissed retaliation claims and the pending retaliation claims.[7] *See Curtiss–Wright Corp.*, 446 U.S. at 7-8 (stating that before a district court may enter judgment under Rule 54(b) the court must determine whether a final judgment has been entered and then determine whether there is any reasons for delay); *Morrison-Knudsen Co.*, 655 F.2d at 966 (stating that the district court erred in entering judgment under Rule 54(b) because the pending claims and dismissed claims were "inseverable, both legally and factually"). Therefore, although Plaintiff will not be allowed to present evidence at trial regarding any of the claims alleged against Defendants Brown, Cluck, Contreras, Cortez, and Suglich, as these claims have already been dismissed by the Court, entry of final judgment as to these Defendants could potentially set the stage for piecemeal appeals, which is explicitly discouraged under Rule 54(b). Moreover, neither the type of action, a Section 1983 claim with multiple defendants, nor Defendants' supplemental brief, have exhibited unusual circumstances that would allow the Court to make the required explicit findings under Rule 54(b) as to why partial entry

---

[7] Following the Court's August 21, 2013 summary judgment order, the Court dismissed each of the retaliation claims alleged against Defendants Brown, Cluck, Contreras, Cortez, and Suglich, dismissed each of the conspiracy claims alleged against each of the Defendants, and allowed the retaliation claims alleged against Defendants Chance, Moore, Smith, Stewart, Vasquez, and Wall to proceed. As a result, because Plaintiff had only alleged retaliation and conspiracy claims against Defendants Brown, Cluck, Contreras, Cortez, and Suglich, there were no pending claims against these Defendants following the August 21, 2013 summary judgment order.

of judgment is currently warranted.  *See Wood*, 422 F.3d at 879 (stating that entry of judgment under Rule 54(b) in routine cases that are commonly adjudicated in parts "does not comport with the interests of sound judicial administration").

Therefore, because this case is on the eve of trial, and there is a similarity of issues between the dismissed causes of action and the causes of action still left to be tried, the Court finds entry of judgment under Rule 54(b) inappropriate.  *See Wood*, 422 F.3d at 880 ("[plaintiff's] legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts. This impacts the sound administration of justice.").  Accordingly, the Court DENIES Defendants' motion for entry of judgment as to Defendants Brown, Cluck, Contreras, Cortez, and Suglich.  Judgment will be entered as to these Defendants at the conclusion of trial, or upon dismissal of the case, whichever is earlier.  Plaintiff will then have the time prescribed under the Federal Rules of Civil Procedure to file an appeal as to each of these Defendants.

## II.    Plaintiff's Motion for Appointment of Counsel

On September 6, 2013, Plaintiff filed his second motion for appointment of counsel.[8]  (Doc. No. 120.)  Plaintiff's renewed motion is based on: (1) his inability to afford counsel; (2) his failed attempts to retain counsel; (3) the complex issues involved in the case; (4) his mental status; and (5) his inability to prosecute the case in light of his learning disabilities.  Plaintiff filed a memorandum of points and authorities, an affidavit, and a copy of a letter from a law firm that declined to represent Plaintiff in the instant action in support of his motion.  For the reasons set forth below, Plaintiff's renewed motion for appointment of counsel is DENIED.

As recognized by Plaintiff in his moving papers, the Constitution provides no right to appointment of counsel in a civil case.  (Doc. No. 120 at 9.)  *See Lassiter v. Dept. of Soc. Services*, 452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915(e)(1), however, district

---

[8] The motion was docketed on September 13, 2013, but filed nunc pro tunc to September 6, 2013.  (Doc. No. 120.)  Plaintiff's first motion for appointment of counsel was denied on June 27, 2012 by Magistrate Judge Ruben B. Brooks.  (Doc. No. 90.)

1  courts are granted discretion to appoint counsel for indigent persons under "exceptional

2  circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of

3  exceptional circumstances requires an evaluation of both the 'likelihood of success on the

4  merits and the ability of the plaintiff to articulate [his or her] claims *pro se* in light of the

5  complexity of the legal issues involved. Neither of these issues is dispositive and both

6  must be viewed together before reaching a decision.' " *Id.* (quoting *Wilborn v.*

7  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

8         Here, after a review of the instant motion, the documents submitted by Plaintiff in

9  support thereof, and the magnitude of  documents filed by Plaintiff to date, the Court

10  finds Plaintiff has a sufficient grasp of the case, the legal issues involved, and is able to

11  adequately prosecute the case without appointed counsel. *See Shields v. Davis*, No.

12  C07-0157RMWPR, 2008 WL 4790658, at *1 (N.D. Cal. Oct. 27, 2008) ("The issues in

13  this case are not particularly complex and plaintiff has thus far been able to adequately

14  present his claims."). Throughout this litigation, Plaintiff has filed two amended

15  complaints, (Doc. Nos. 9, 16), three motions for reconsideration, (Doc. Nos. 20, 28, 102),

16  five notices of appeal, (Doc. Nos. 22, 76, 79, 110, 116), two motions for an extension of

17  time, (Doc. Nos. 51, 98), and timely filed objections to both the Defendants' filings and

18  the R&R, (Doc. Nos. 58, 63, 66). Moreover, in each of the aforementioned documents,

19  Plaintiff has clearly articulated his legal theories, and despite his alleged legal shortcom-

20  ings, has demonstrated that he is capable of prosecuting his case without appointed

21  counsel.

22         Therefore, although Plaintiff represents that appointment of counsel is necessary

23  based on the complex nature of the case, as Defendants rightfully point out, this case is

24  neither complex nor exceptional. All that remains to be litigated is a single cause of

25  action for retaliation against Defendants Moore, Smith, Stewart, Vasquez, and Wall, all

26  of which relate to Plaintiff's allegations that he was harassed and/or threatened by

27  Defendants in retaliation for filing an administrative appeal, or that certain Defendants

28  filed false incident reports against him. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th

Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).  As a result, although Plaintiff has presented the Court with evidence that he made an adequate, yet failed attempt to retain counsel, the Court finds the documents filed by Plaintiff are articulate, coherent, and demonstrate a fundamental understanding of both the legal and factual issues presented in the instant case.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) ("LaMere's district court pleadings illustrate to us that he had a good under-standing of the issues and the ability to present forcefully and coherently his conten-tions."); *Rand*, 113 F.3d at 1525 (stating that because "any *pro se* litigant certainty would be better served with the assistance of counsel," a plaintiff must show, at a minimum, that the complexity of the case requires the assistance of counsel).  Accordingly, the Court once again DENIES Plaintiff's motion for appointment of counsel.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants Brown, Cluck, Contreras, Cortez, and Suglich's motion for entry of judgment under Rule 54(b), (Doc. No. 128), and DENIES Plaintiff's renewed motion for appointment of counsel under 28 U.S.C. § 1915, (Doc. No. 120).  The parties are advised that the pretrial conference is currently set for **March 28, 2014 at 1:30 p.m. in Courtroom 3B**.  Both parties must comply with the necessary pretrial disclosures by the specific dates set forth in the Court's November 6, 2013 Order.  (Doc. No. 132.)  Plaintiff is further advised that the only claims left to be adjudicated at trial are his claims under Count 1 alleging retaliation against Defendants Moore, Smith, Stewart, Vasquez, and Wall.  Plaintiff should not include any allegations regarding the dismissed claims in any of his pretrial disclosures.

IT IS SO ORDERED.

DATED:  January 16, 2014

Hon. Anthony J. Battaglia
U.S. District Judge

10cv1187 AJB (RBB)