1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RUBEN DARIO GARCIA JR., | CASE No 10 CV 01187 AJB (RBB) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| vs. | |
| SMITH, STEWART, CHANCE, MOORE, CLUCK, VASQUEZ, WALL, BROWN, STRICKLAND, ELIAS, SAVALA, MERCHANT, SUGLICH, CONTRERAS, MORRIS, CORTEZ, PEDERSEN, HIRING AUTHORITY JOHN/JANE DOE'S # 1 TO 5, Defendants. | (Doc. No. 153) |

19          Presently before the Court is Plaintiff Ruben Dario Garcia Jr.'s ("Plaintiff")

20   motion for a temporary restraining order and preliminary injunction.  (Doc. No.

21   153.)  Plaintiff's motion seeks to prohibit the named Defendants and their

22   employers (CDCR) from disposing of and/or destroying any records, reports,

23   documents, or any other information that is or may be relevant to the events and

24   incidents involved in this litigation.  (Doc. No. 153.)  The Court did not order a

25   response from Defendants as the motion fails to state a plausible claim for relief on

26   its face.

27          To obtain preliminary injunctive relief, such as a temporary restraining

28   order, the moving party must show: (1) a likelihood of success on the merits; (2) a

                                            1

1   likelihood of irreparable harm to the moving party in the absence of injunctive

2   relief; (3) that the balance of equities tips in favor of the moving party; and (4) that

3   an injunction is in the public interest.   *Winter v. Natural Res. Def. Council Inc.*,

4   555 U.S. 7, 20 (2008).  Here, although Plaintiff has stated that he will be unable to

5   adequately prosecute his case in the event material evidence is destroyed, Plaintiff

6   has failed to articulate that Defendants have or plan to destroy such evidence or

7   that he is likely to succeed on the merits of his claim (destruction of evidence).

8   Simply stating that CDCR policies support his allegation that evidence may be

9   destroyed is insufficient.  *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d

10  1126, 1131 (9th Cir. 2006) ("Consistent with this overriding concern, courts have

11  recognized very few circumstances justifying the issuance of an ex parte TRO.").

12      Accordingly, the Court DENIES Plaintiff motion for a temporary restraining

13  order and preliminary inunction.  (Doc. No. 153.)  Plaintiff is instructed to direct

14  his time, effort, and attention toward preparing his motion to compel the attendance

15  of certain witnesses at trial, which must be filed no later than **April 30, 2014**.

16  (Doc. No. 149.)

17

18

19  IT IS SO ORDERED.

20

21  DATED:  April 17, 2014

22      _____

23      Hon. Anthony J. Battaglia
        U.S. District Judge

24

25

26

27

28

2