# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SMITH, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 10-cv-01187-BAS-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 248]** |

　　　　This is Plaintiff's third Motion to Appoint Counsel. (ECF No. 248.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## I.   PROCEDURAL HISTORY

　　　　On June 1, 2010, Plaintiff and his brother Lenin Garcia ("Lenin") filed a *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging various constitutional violations against seventeen defendants employed at the Richard J. Donovan Correction Facility ("RJD") where Plaintiff is incarcerated. (ECF No. 1.) The Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 5.) The Court also granted two

motions to dismiss and dismissed Lenin from the suit. (ECF Nos. 5, 15.) In response, Plaintiff filed both First Amended and Second Amended Complaints ("FAC" and "SAC"). (ECF Nos. 9, 16.) The Court dismissed Plaintiff's access to the courts, Eighth Amendment, and Fourteenth Amendment due process claims without leave to amend and allowed Plaintiff's retaliation, conspiracy, and equal protection claims to proceed. (ECF No. 17.) Plaintiff filed a motion for reconsideration which was denied. (ECF Nos. 20, 29.)

On April 26, 2011, Defendants moved to dismiss the claims alleged against Defendants Cluck, Elias, Morris, Pedersen, and Strickland, and the equal protection claims alleged against all Defendants. (ECF No. 50.) Plaintiff filed a response to this motion to dismiss and a corresponding request for leave to amend the SAC. (ECF Nos. 58, 59.) The Court granted Morris, Pedersen, and Strickland's motion to dismiss, and it denied the motion to dismiss the equal protection claims. (ECF No. 64.) The remaining Defendants filed an answer to the SAC. (ECF No. 74.)

The remaining Defendants moved for summary judgment. (ECF No. 95.) Plaintiff moved for and was denied counsel. (ECF No. 90.) Thereafter, after moving and receiving an order extending the time in which he needed to file a Response, Plaintiff filed a Response in Opposition to the Summary Judgment Motion. (ECF Nos. 98, 101.) The Court: (i) granted Defendants' motion with respect to Plaintiff's equal protection and conspiracy claims; (ii) granted in part and denied in part Defendants' motion regarding Plaintiff's retaliation claims—dismissing the retaliation claims against Cortez, Contreras, and Suglich; (iii) denied Defendants' motion with regard to qualified immunity; and (iv) entered judgment as to Defendants Pedersen, Strickland, Morris, Elias, Savala, and Merchant. (ECF No. 113.)

The case against the remaining Defendants was set for trial. Before trial, Plaintiff again moved unsuccessfully for appointment of counsel. (ECF No. 139.) Plaintiff objected to pretrial disclosures (ECF No. 144), moved successfully to compel witnesses at trial (ECF Nos. 157, 175), filed Motions in Limine (ECF No. 190),

responded to Defendants' Motions in Limine (ECF Nos. 186, 187), and then represented himself at the four day jury trial that ensued, questioning witnesses and admitting exhibits. (ECF Nos. 197–200.)

After the jury returned a verdict in favor of Defendants, Plaintiff successfully appealed the Summary Judgment Order dismissing the retaliation claims against Defendants Cortez, Contreras, and Suglich. (ECF No. 231.) The Court of Appeals remanded for a jury trial on the narrow issue of whether these three Defendants' decision, as members of the Institutional Classification Committee ("ICC"), to retain Garcia in Administrative Segregation was in retaliation for his past complaints. (*Id.*)

## II.   ANALYSIS

Plaintiff requests counsel arguing that: (1) the case is complex; (2) "the Plaintiff, as a mental health patient while in the direct custody of the Department at the [Enhanced Outpatient Program] (E.O.P.) Level of care, has extremely limited abilities to function on a daily basis;" and (3) "Plaintiff is not professionally trained in the law, has very limited education which impedes his abilities to understand, comprehend and properly litigate these civil matters with the court." (ECF No. 248.)

As the Court has previously stated, the Constitution provides no right to appointment of counsel in a civil case. *Lassiter v. Dept. of Soc. Services*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts have the discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his] claims *pro se* in light of the complexity of the legal issues involved. Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

|   |   |
|---|---|
| 1 | In this case, Plaintiff has proven himself more than able to litigate in front of a |
| 2 | jury. Based on this Court's observations, Plaintiff was able to formulate questions, |
| 3 | object appropriately, admit documents, and present both Opening and Closing |
| 4 | Arguments to the jury. Despite his lack of legal training, he has filed appropriate |
| 5 | motions, responses, objections, and ultimately a successful appeal. The Court has |
| 6 | previously stated that the issues in this case are not complex. That is even more true |
| 7 | now. The number of Defendants and issues have been pared down. The only |
| 8 | remaining claim is a retaliation claim against three Defendants. Plaintiff has made it |
| 9 | clear that he has a strong grasp of the allegations, claims, and how to present those to |
| 10 | a jury. |

### III.  CONCLUSION

Plaintiff's Motion for Appointment of Counsel (ECF No. 248) is **DENIED**. The Court finds the issues are not complex, Plaintiff has proven his ability to articulate his claims *pro se*, and there is not a likelihood of success on the merits. *See Terrell*, 935 F.2d at 1017.

**IT IS SO ORDERED.**

DATED:  March 7, 2017

Hon. Cynthia Bashant
United States District Judge